# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID M. HUTZLER,** | : | **Case No. 5:05cv0100** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | **MEMORANDUM AND ORDER** |
| **JAMES HAVILAND (Warden),** | : | |
| | : | |
| **Defendant.** | : | |

On January 20, 2005, Petitioner, David Hutzler, filed a petition through counsel for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1).  Pursuant to Local Rule 72.2(b)(2), his case was referred to Magistrate Judge Patricia Hemann (Doc. 6).  On June 8, 2005, Respondent, James Haviland, filed an *Return of Writ* (Doc. 9).  Hutzler did not file a *Traverse*.  On July 26, 2005, Magistrate Judge Hemann issued a *Report and Recommendation* ("R&R") (Doc. 12), in which she recommended that Hutzler's petition be denied because each ground for relief asserted therein had been procedurally defaulted.  On August 5, 2005, Hutzler filed two brief objections to the R&R (Doc. 14).

On February 14, 2006, after all habeas-related filings had been made, attorney Nathan Ray entered an appearance as Hutzler's <u>new</u> habeas counsel (Doc. 15).  On Hutzler's behalf, Ray immediately filed two motions:  *Motion to Reopen and Amend Petition Filed Pursuant to 28 U.S.C. § 2254 Hearing Requested* (Doc. 16) ("Motion to Amend") and *Motion to Hold Further Proceedings in Abeyance Permitting Exhaustion of State Court Remedies* (Doc. 17) ("Motion to Hold in Abeyance") (collectively, the "post-R&R motions").  Respondent opposed these motions (Doc. 18) arguing that they are procedurally and substantively inappropriate.

Having carefully reviewed the relevant filings, the Court concludes that (1) Hutzler should

not be granted leave to amend his habeas petition, and (2) these proceedings should not be "held in abeyance" while Hutzler attempts to exhaust <u>unidentified</u> state court remedies.  The Court agrees with the Magistrate Judge's conclusion that each of Hutzler's grounds for habeas relief has been procedurally defaulted and that his case should be dismissed.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R <u>in whole</u> and finds that Hutzler's habeas petition must be **DENIED** and his case **DISMISSED.**  Though it is not compelled to do so since Hutzler's objections and post-R&R motions are wholly unsupported (and inappropriate), the Court briefly addresses them below.

## I. <u>The R&R and Hutzler's Objections</u>

In so far as the R&R accurately outlines the factual and procedural background of this case, the Court need not repeat those items.  In sum, following his conviction for aggravated murder, aggravated robbery and aggravated burglary (each with a firearm specification), Hutzler was sentenced to 43 years to life imprisonment.  Hutzler's initial state appeal included nine assignments of error, none of which was sustained.  Likewise, his appeal to the Supreme Court of Ohio included nine assignments of error, none of which was accepted as involving a substantial question of law. Accordingly, though unsuccessful, Hutzler <u>exhausted</u> his state court remedies as to the assignments of error he raised in his appeals.

Thereafter, Hutzler filed the instant habeas petition.  Unlike his state court appeals, however, Hutzler's habeas petition contains only three grounds for relief.  In sum, they are:

(1)     ineffective assistance of counsel (6th Amendment);

(2)     the state court's unreasonable application of *Miller v. Pate* in overruling Hutzler's objection to the use of certain evidence during the prosecution's closing argument (14th Amendment); and

2

(3)     the state court's unreasonable application of *Stoval v. Denno* by giving deference to the trial court's admission of a "mug shot" photograph of Hutzler that amounted to an overly suggestive single person "show-up" (4th, 5th, 6th and 14th Amendments).

Addressing each in turn, the Magistrate Judge correctly determined that each of these three grounds for habeas relief was procedurally defaulted.

As to the first ground, the state appellate court dismissed Hutzler's "ineffective assistance" assignment of error, which is the only ground that arguably was asserted in Hutzler's state court appeals, based on his <u>complete failure</u> to present factual or legal authority in support thereof. Though it acknowledged that Hutzler asserted the argument that his trial counsel was ineffective, because he presented nothing in support of that argument, the state appellate court <u>disregarded</u> it (*i.e.*, did not reach the merits). In so doing, the court cited Appellate Rules 12(A)(2) and 16(A)(7), which permit courts to treat arguments that are not supported by legal authority or argument as having never been asserted. Accordingly, the state appellate court effectively held that Hutzler's "ineffective assistance" claim was dismissed due to his violation of state <u>procedural rules</u>. For purposes of a procedural default analysis, therefore, the "ineffective assistance" ground may be viewed as never having been raised, which precludes it from being raised now.

As to the second and third grounds, as noted in greater detail in the R&R, Hutzler clearly did not assert them during his state court appeals. They are, therefore, procedurally defaulted.

Hutzler's objections do not challenge the R&R's finding that his three grounds for habeas relief were procedurally defaulted. Rather, they simply (and curtly) argue that an evidentiary hearing is necessary to a competent analysis and that Hutzler's procedural defaults should be forgiven because a manifest miscarriage of justice will result if he is not permitted to pursue his petition on the merits. Neither of these <u>unsupported</u> arguments is persuasive.

3

While the habeas corpus statute authorizes courts to conduct evidentiary hearings to develop factual records as needed, this certainly is not a case in which a hearing would be beneficial, much less one in which such a hearing is necessary. The issues presented by the instant petition are purely legal and require no factual development. Indeed, it is unclear – and certainly not explained by Hutzler's objections – what facts could bear upon Court's analysis. As such, Hutzler's objection relating to the need for an evidentiary hearing simply restates his prior argument to that effect and is not really an objection to the Magistrate Judge's findings; on that basis alone, it may be disregarded. This same request was made in Hutzler's initial filing, it was considered by the Magistrate Judge and it has now been reviewed by this Court. There simply is no support for a request for an evidentiary hearing in this case.

The sole basis for Hutzler's second objection – which seeks forgiveness for Hutzler's procedural defaults (*i.e.*, they are admitted) – is that a manifest miscarriage of justice will occur if the Court does not consider the merits of Hutzler's habeas petition because "he faces upwards of forty (40) years in prison." *See* Doc. 14 at p. 2. Notwithstanding Hutzler's failure factually or legally to support his claim that his trial was fundamentally unfair – or even to "preview" the basis for such a claim – the logic underlying Hutzler's "manifest miscarriage of justice" objection implies that any petitioner facing a substantial sentence can revive procedurally defaulted arguments on that basis alone. Clearly, that is not an appropriate application of that exception. In order for the exception to apply, petitioners must demonstrate that a court's failure to excuse a procedural default will result in a fundamental miscarriage of justice – a standard expressly acknowledged (but not applied) by Hutzler's objection. Petitioners cannot simply claim that such a failure will produce that result. Here, Hutzler does nothing more than make unsupported claims that his defaulted grounds for relief have merit, but he does not illuminate the nature of that merit. Such claims are insufficient.

4

Accordingly, Hutzler's objections are not well-taken and the Magistrate Judge's conclusions survive and are adopted by the Court.[1]

## II.    **Hutzler's Post-R&R Motions**

As noted above, Hutzler filed two motions through new counsel after the R&R was issued and objections were filed.  They are the Motion to Amend (Doc. 16) and the Motion to Hold in Abeyance (Doc. 17).

These motions are indeed unique.  In sum, they seek to restart the entire habeas process by allowing Hutzler to amend his admittedly defective (*i.e.*, procedurally defaulted) habeas petition – as distinguished from filing a second petition, which clearly is not permitted – and then to stay the Court's consideration of the amended petition while Hutzler revisits the state courts to "exhaust" certain unidentified remedies.  For the reasons briefly outlined below, these motions are procedurally and substantively inappropriate and must be denied.

In support of his argument for leave to amend, Hutzler cites 28 U.S.C. § 2242, which permits district courts to allow amendments of habeas petitions, and Federal Rule of Civil Procedure 15, which generally governs amendments of pleadings in civil cases.  Reading these authorities together, Hutzler argues that he should be permitted, even at this late stage (*i.e.*, the end), to amend his petition and start over because his prior habeas counsel ineffectively pursued the petition.  The Respondent argues, however, that Hutzler's request comes far too late – which is a consideration, though not dispositive, in habeas cases and certainly in ordinary civil cases – and that the basis for his request (*i.e.*, ineffective assistance of habeas counsel) is insufficient because Hutzler does not have a

---

[1]    Interestingly, the thrust of Hutzler's post-R&R motions is that Hutzler's initial habeas counsel ineffectively represented him – *e.g.*, counsel failed properly to pursue the habeas petition and/or make adequate objections to the R&R.  In this regard, even Hutzler agrees that the original objections are without merit.

5

constitutional right to counsel beyond his first appeal.

Respondent is correct, Hutzler's request comes far too late.  Indeed, it *essentially* could not come any later and still predate the Court's ruling.  In this regard, Hutzler's request is the equivalent to an ordinary civil plaintiff seeking leave to amend his complaint after the parties fully have briefed a summary judgment motion, or, perhaps, completed a trial.  At some point, courts simply cannot allow parties to start over, especially those who simply "claim" to have a reasonable basis for doing so, but fail in any way to demonstrate that basis.  Moreover, as noted by Respondent, Hutzler does not at this point have a constitutional right to effective assistance of counsel.  *Williams v. Bagley*, 166 Fed. Appx. 176 (6th Cir. 2006); *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005).

### III.  <u>Conclusion</u>

For the foregoing reasons, Hutzler's *Motion to Reopen and Amend Petition Filed Pursuant to 28 U.S.C. § 2254 Hearing Requested* (Doc. 16) ("Motion to Amend") and *Motion to Hold Further Proceedings in Abeyance Permitting Exhaustion of State Court Remedies* (Doc. 17) are **DENIED.** The Court **ADOPTS** in whole the Magistrate Judge's Report and Recommendation.  Accordingly, Petitioner David Hutzler's petition for a *writ of habeas corpus* (Doc. 1) is **DENIED** and his case is **DISMISSED**.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

> **s/Kathleen M. O'Malley**
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated:  May 5, 2006**